LODGE MANUFACTURING COMPANY, INC. *et al. v.* JOHN HENRY WILKERSON.

*(Nashville,* December Term, 1955.)

Opinion filed February 3, 1956.

A. A. KELLY, of South Pittsburg, for appellants.

Wm. H. Woods, and Goodpasture, Carpenter & Dale, all of Nashville, for appellee.

Mr. Justice Swepston delivered the opinion of the Court.

This is an appeal by Lodge Manufacturing Company, Inc., and its insurance carrier, American Mutual Liability Insurance Company, from a decree of the Chancellor rendered against them in favor of John Henry Wilkerson on his claim under the Workmen's Compensation Act for a recovery for his alleged total and permanent disability due to the occupational disease of silicosis.

Defendants denied liability on the grounds (1) that petitioner is not suffering from silicosis, and (2) that if so, the disease was contracted prior to March 12, 1947, which if true, would not be compensable.

The Chancellor, after hearing the evidence, found both issues in favor of petitioner. The defendants have appealed and assigned error as follows: (1) there is no evidence to support the findings, holdings, judgment and decree of the Court; (2) that the great weight and preponderance of the evidence is against the findings, holdings, etc. The assignment further states:

"The Court decided the case for petitioner solely upon the testimony of Dr. R. R. Crowe to the effect that petitioner had silicosis, but this Doctor admitted that his opinion was based solely on suspicion and conjecture. The great weight of the evidence in the record showed that petitioner was disabled from tuberculosis, which, having existed in an arrested condition for a long time, was reactivated in January 1954 by an acute attack of lobar pneumonia; and that any diagnosis of silicosis must be based on mere conjecture and speculation."

The third assignment is:

"The Court failed and refused to make a judicial weighing of the evidence to determine where the weight and preponderance thereof lay, and arrived at its findings, holdings, judgment and decree by a process of arbitrarily discarding and disregarding all the evidence of defendants and adjudging the case solely on the testimony of petitioner and his witnesses."

And further it is averred that:

"on overruling this ground of defendant's motion for a new trial, the Court refused to judicially weigh and determine the weight and preponderance thereof, and thereby reaffirmed and adopted the primary process indulged in as aforesaid."

*(1)* Obviously, the attempt of appellants is to have this Court weigh or re-weigh the evidence to determine where the preponderance of same lies. No citation of authority is necessary to show that this Court will not undertake to weigh the evidence. A recent effort directed to that end was made in *Atlas Powder Co.* v. *Leister,* 197 Tenn. 491, 274 S. W. (2d) 364, wherein it was reiterated that this Court will look to the evidence only for the pur-

pose of determining whether there is any material evidence to support the fact-findings of the Trial Court.

Coming to the question of whether there is any material evidence to support the decree below, the Chancellor first found that the petitioner, who is now 58 years old, had worked in the Lodge Manufacturing Company foundry where small castings and mouldings are made since he was 20 years old, and that for 25 years he worked as a moulder and the last 13 years at different jobs, but that all times he was exposed to atmosphere containing a substantial content of silica.

He further found that in more recent years the Company has installed some of the devices designed to minimize the dust hazard and has abated the same to an appreciable extent, but that nevertheless petitioner has been sufficiently exposed to silica dust to the extent that he could have contracted silicosis.

He then made the following findings:

"As developed in this case, complainant had an arrested case of tuberculosis which became active in 1954, when he had to quit work. In January 1954, after being off from work for some two weeks, he returned to work and worked for some two more weeks but was unable to continue and has been totally disabled ever since. He was committed to a Tuberculosis Hospital in Davidson County, Tennessee, where he has remained hospitalized ever since.

"Dr. R. R. Crowe, Superintendent of the Davidson County Tuberculosis Hospital, a graduate of the medical school of Vanderbilt University, specializing in lung diseases, with 25 years experience in this hospital and who has observed, diagnosed and treated some 10,000 patients, testified that complainant was

suffering from silico-tuberculosis. This diagnosis was first made in October 1954.

"Dr. E. F. Harrison, Medical Director of Tennessee Tuberculosis Hospital and Field Service of Chattanooga, also testifying for complainant, said that the complainant was suffering from far advanced tuberculosis and pneumoconiosis. The latter term is used to describe a dust condition in the lungs.

"Defendants' Doctors Manson and Moore, both testified that complainant was suffering from an active case of tuberculosis. Both admitted also that he suffered from pneumoconiosis which would not rule out the possibility of silicosis. In fact, both stated that his pneumoconiosis could be silicosis but that this condition could not be determined with any certainty by any doctor having the benefit of X-Ray, clinical symptoms and case history.

"Thus, we have Dr. Crowe, lung specialist, swearing positively that the man has silicosis, corroborated to the extent that Dr. Harrison, also testifying for complainant, admitted that the patient has pneumoconiosis.

"At the same time we have Dr. Manson, a very reputable diagnostician and internal medicine man, who says the patient is suffering from active stages of tuberculosis, coupled with pneumoconiosis. This diagnosis is concurred in by Dr. H. B. Moore who has had no particular training or experience in the field of lung diseases. Both of these gentlemen would not swear that the patient was not suffering from silicosis, while at the same time, swearing positively that no one could with reasonable certainty say the patient was suffering from silicosis.

"It is somewhat significant too, that defendants

employed Dr. R. L. McCracken to make an examination öf the complainant, but he was not called by defendants to testify concerning his diagnosis.

.."As indicated herein, pneumoconiosis is a term used to describe 'dust on the lungs.' Defendants' doctors say that the presence of dust on the lungs could be caused from iron dust which does not cause silicosis. This fact, defendants insist, should rule out complainant's right of recovery upon the theory that he has failed to carry the burden of proof which is required in compensation cases."

Further quoting, the Chancellor said:

"Stated another way, defendants insist that the Court, in view of the proof in this record relative to (1) necessary exposure to silica dust, and (2) whether complainant is suffering from the disease of silicosis, must necessarily indulge in speculation or conjecture which renders the claim non-compensable."

Again the Chancellor said:

"Notwithstanding the very able and earnest insistence made by the defendants in this case, after considering all of the proof, not too much in conflict after all, the Court is of opinion that complainant has carried the burden of proof and has shown that he is now suffering from silico-tuberculosis and is totally disabled. The proof further shows that the disease of silicosis was contracted subsequent to March, 1947, by complainant while working in defendants' foundry and is, therefore, compensable."

■ Thus we have Dr. Crowe testifying that he diagnosed the petitioner's condition as silicosis, while no other expert testified to the contrary other than to say that this condition could not be determined with any

certainty by any doctor having the benefit of those things on-which Dr. Crowe made his diagnosis. Now a doctor's diagnosis or opinion based upon X-Rays, clinical symptoms and case history is not speculative but is evidence to be weighed and tested by the Court or jury trying the case. See *Heron* v. *Girdley*, Tenn., 277 S. W. (2d) 402, citing *Patterson Transfer Co.* v. *Lewis*, 195 Tenn. 474, 260 S. W. (2d) 182; and *Lay* v. *Blue Diamond Coal Co.*, 196 Tenn. 63, 264 S. W. (2d) 223.

. While there is at least an ostensible impeachment of the testimony of Dr. Crowe as to what his diagnosis was on October 20, 1954, yet he testified clearly at the trial, that the petitioner was at the date of trial, permanently and totally disabled from the disease of silicosis, and any question of impeachment and credibility was strictly a matter for the Chancellor.

 We, therefore, find no merit in any of these assignments and we affirm the decree of the Chancellor.