Joseph R. SIKES, Plaintiff-Appellee,

v.

Betty Jane TIDWELL, Executrix of the Estate of W. G. Russell, Defendant-Appellant.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Aug. 7, 1981.

Certiorari Denied by Supreme Court Oct. 13, 1981.

Douglas Parker, Clarksville, for plaintiff-appellee.

Frank Runyon, Clarksville, for defendant-appellant.

## ABRIDGED OPINION

TODD, Presiding Judge.

(Filed with concurrence of
participating judges)

The defendant, Betty Jane Tidwell, executrix of the estate of W. G. Russell, Deceased, has appealed from a jury verdict and judgment in favor of plaintiff for $25,000 for property damages suffered in a motor vehicle collision.

The complaint alleged and the uncontroverted evidence showed that a vehicle oper-

ated by defendant's testator crossed the center into the left lane of the road and collided head-on with a vehicle owned and operated by plaintiff which was on its own right and proper side of the road.

The answer of the defendant denies that testator was negligent and alleges that his apparent negligence was the result of a heart attack and loss of consciousness for which neither he or his estate would be liable.

Thus, the issue of liability turned upon the question of fact as to the state of the deceased during the time of his apparent negligence.

It is uncontroverted that deceased died either shortly before, during or shortly after the collision. There was no autopsy to determine cause of death, but there was an "examination" from which "probable cause of death" was determined by the examiner.

Plaintiff testified on direct examination that deceased appeared to be in a normal position prior to the collision.

The sole legitimate complaint on appeal is that defendant was erroneously forbidden to ask plaintiff on cross-examination whether he (plaintiff) had made a previous out-of-court statement that, prior to the collision, deceased was "slumped" over the wheel of his vehicle.

Some difficulty is encountered in ascertaining just what was forbidden by the Trial Judge.

On February 6, 1980, plaintiff filed a "Motion in Limine" requesting that defendant be prohibited from introducing any statement or record that would contain any hearsay information.

There is no record of a formal ruling on this motion in the minutes of the Trial Court.

At the beginning of the trial on February 18, 1980, the following discussion occurred between the Trial Judge and counsel:

MR. PARKER: Okay. Of course, the crux of my whole thing is pretty much set out in the motion in limine. We feel like the defendants will try to introduce evidence to indicate that the defendant was slumped down over the steering wheel immediately prior to the impact with the plaintiff's truck. . . . We have a deposition from the plaintiff in this case that says that is just not the case, he was not slumped down across the steering wheel, he was sitting up looking with both hands on the steering wheel, and was controlling the vehicle. . . .

JUDGE BOYERS: Well, you're referring here to hearsay testimony.

MR. PARKER: Yes, sir, Your Honor. Someway an article came out in the newspaper that quoted this gentleman as saying he was slumped down across the steering wheel. He denies making that statement. I have not found anybody he made the statement to. I do not know anybody that heard that statement made. How it came out in the newspaper I have no idea.

Also there is some indication on the police records—not on the police records but on the medical records that he might have been slumped down across the steering wheel. Now, who told them that I have no idea. He has no idea. He says I didn't tell anybody that, that just did not happen. That's just not the case.

. . . .

JUDGE BOYERS: Well, of course, I'll exclude the hearsay testimony, but I can't —I can't hardly pass on it until it's offered.

. . . .

JUDGE BOYERS: Do you think his statements would be hearsay?

MR. PARKER: His statements are not, he said I didn't say this. And we have his deposition where he says I did not say that, that did not happen.

JUDGE BOYERS: All right. What do you say, Mr. Runyon?

MR. RUNYON: Well, Your Honor, hearsay testimony would not be admissible, and I won't make reference to it on voir dire. However, the mere fact that this man says I didn't say that; he's quoted as having said it, and I think I'm entitled to say, well, you know the article came out

and said you said that. And then he can say, well, the article is wrong, I didn't say it. I think it's a proper question on cross-examination.

JUDGE BOYERS: I don't think it would be proper unless you could offer the person who heard him say it.

MR. RUNYON: I can't do that.

. . . .

JUDGE BOYERS: Well, I don't—I don't believe you can use it unless—unless you can offer the man who heard the plaintiff say it.

MR. RUNYON: I can't offer that.

JUDGE BOYERS: Then that would take it out of the hearsay rule.

Several questions of law and of fact must be resolved. The questions of law and responses thereto are as follows:

1. Did defendant have the right to ask the plaintiff on cross examination, "Did you make a statement after the collision to the effect that you saw deceased "slumped" down on the steering wheel before the collision?"?

Such a question was permissible on two grounds:

 (a) Statements of a party contrary to his contentions or interests in the pending lawsuit may be shown by the testimony of the party or by the testimony of others who heard the party make the statement. If plaintiff made such a statement it was contrary to his contention in the pending suit. *Jones v. Lenoir City Car Works,* 216 Tenn. 351, 392 S.W.2d 671 (1965); *Smith v. Bullington,* Tenn.App. 1973, 499 S.W.2d 649; *Puckett v. Laster,* 56 Tenn. App. 66, 405 S.W.2d 35 (1965).

(b) Statements of a witness contrary to or contradictory of his testimony may be shown provided the witness, himself, is first asked about the statement during cross examination. If the witness admits making the statement, there is no occasion for offering other evidence of the statement. He is privileged to offer his explanation of why he made the statement. If the witness denies making the statement, then "the foundation has been laid" for

offering other competent evidence that he made the statement. *Jones v. Lenoir City Car Works, supra; Hardin v. State,* 210 Tenn. 116, 355 S.W.2d 105 (1962); *Puckett v. Laster, supra; James v. State,* Tenn.Cr. App. 1973, 506 S.W.2d 797.

██ 2. If the question had been asked, was it permissible to include references to hearsay reports such as news reports, as a part of the question? It is generally permissible during cross examination of a witness to draw his attention to other testimony or statements which might refresh his recollection or otherwise influence him to give a favorable answer. However, such other statements, especially unsworn, inadmissible evidence, may be of such a prejudicial nature as to be properly excluded from the hearing of the jury in the discretion of the Trial Judge. It has been held that it is improper during cross examination to include in a question facts not in evidence. See authorities in 98 C.J.S., Witnesses, § 411, p. 213, note 75.

In the present case, the Trial Judge properly instructed counsel to avoid references to unsworn hearsay statements in his question to plaintiff on cross examination. If counsel deemed such references to be indispensible to his cross examination, he should have requested and the Trial Judge should have allowed such information to be included in a question asked out of the presence of the jury. Rule 43.03, T.R.C.P.

Counsel did not have the right to use the device of a question to plaintiff on cross examination to "tell" the jury that the news media had reported that a state trooper had said that plaintiff had said that he saw deceased "slumped on the wheel." His use of such information to cajole plaintiff into a favorable answer should have been out of the presence of the jury.

██ 3. Is it permissible to prove an admission of a party or a prior inconsistent statement of a witness by evidence that the news media reported that a state trooper stated that plaintiff made the statement in question? It is well established law, conceded by appellant, that such is not permissible.

■ 4. Is counsel prevented from asking a party or witness about an admission or prior inconsistent statement by the fact that the party or witness has in a discovery deposition denied making the admission or statement? No valid reason occurs to this Court why a witness should be excused from cross examination on a subject merely because he testified on the same subject during a discovery deposition.

The factual questions relate to (1) whether the Trial Judge did in fact forbid permissible cross examination and, if so, (2) whether defendant properly preserved exception to the erroneous ruling.

■ (1) This Court finds from the record, quoted above, that the Trial Judge did not in fact forbid permissible cross examination, that is, that he did not forbid defendant to ask, "Did you make a statement that you saw deceased was slumped down on the wheel before the collision?"

This Court understands the ruling of the Trial Judge to be that hearsay reports might not be included in a question in the presence of the jury unless such reports were competent evidence already introduced or to be introduced.

■ (2) This Court also finds from the record that defendant failed to properly preserve his exception to the ruling as understood at the time. If defendant understood that he was forbidden to ask plaintiff about his statement, then it was necessary for defendant to preserve the excluded evidence in the record. This might have been done by requesting permission to ask the question in the absence of the jury. Rule 43.03, T.R.C.P., *Truslow v. State*, 95 Tenn. 189, 31 S.W. 987 (1895). If plaintiff had admitted the statement, then his response could have been repeated in the presence of the jury. This was not done. It will never be known what plaintiff's answer would have been to a question properly asked.

If defendant understood the ruling as this Court understands it, that only the references to hearsay in the question were forbidden, then permission should have been requested to ask the question in the desired form in the absence of the jury. This was not done.

It is true that a ruling may be in such unequivocal form as to excuse an "offer of evidence," but the circumstances and form of this ruling do not bring it into such a classification.

In summary, defendant had a right to ask plaintiff the simple question, "Did you make the statement (regarding the position of deceased)?" However, this question was not forbidden by the Trial Judge and defendant did not ask such question or otherwise preserve a favorable answer in the record. The Trial Judge correctly prohibited the inclusion of the hearsay information in the question. Defendant conceded that he had no admissible evidence of the information. The Trial Judge committed no reversible error in his ruling.

Defendant urges that the evidence preponderates against the verdict. Such complaint is not available in an appeal from a judgment based upon a jury verdict. *Shelby County v. Borden*, Tenn. 1975, 527 S.W.2d 124; *Strother v. Lane*, Tenn.App. 1976, 554 S.W.2d 631; *Loftis v. Finch*, Tenn. App. 1973, 491 S.W.2d 370.

Defendant cites *Grissom v. Modine Manufacturing Company*, Tenn.App. 1978, 581 S.W.2d 651, as contrary to the rule just stated, however said decision states:

This Court is of the opinion that there was no material credible evidence for the jury to base its verdict for the plaintiff. 581 S.W.2d at 655.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against defendant-appellant. The cause is remanded to the Trial Court for enforcement of the judgment and such other proceedings as may be necessary and proper.

Affirmed and remanded.

LEWIS and CANTRELL, JJ., concur.