**Linda H. BAXTER and Thomas Baxter, Plaintiffs-Appellants,**

v.

**Richard I. VANDENHEOVEL, Defendant-Appellee.**

Court of Appeals of Tennessee, Western Section, at Jackson.

Dec. 6, 1984.

Application for Permission to Appeal Denied by Supreme Court March 4, 1985.

Robert L. Childers and Louis P. Chiozza, Jr., Memphis, for plaintiffs-appellants.

Don G. Owens, Jr., Memphis, for defendant-appellee.

NEARN, Presiding Judge, Western Section.

This is a plaintiffs' appeal from an allegedly insufficient jury verdict approved by the Trial Judge.

An understanding of the issues presented for appeal will be facilitated if we first set forth a statement of the case.

Plaintiff, Linda H. Baxter, suffered injuries in a vehicular accident occurring on November 6, 1978. A few days later, on November 27, 1978, while driving her other automobile, it was struck in the rear by a large tractor-trailer rig being driven by the defendant, Richard Vandenheovel.

Suit was filed against the other driver in the first accident immediately prior to the running of the one year statute of limitations (T.C.A. § 28–3–104 (1984)) for injuries allegedly sustained in the first accident. Suit was filed, again immediately prior to the running of the statute of limitations, on the second suit on November 27, 1979. The second suit is the one presently before us. In the complaint it is alleged that all injuries from which Linda H. Baxter suffers were caused by and were the proximate result of the second accident on November 27, 1978. On September 26, 1983, an order of non suit was entered in the suit arising from the November 6, 1978, accident. In both suits, Thomas Baxter, the husband of Linda, was joined as a plaintiff seeking recovery for loss of consortium. At the close of the proof in this suit, the Trial Judge directed a verdict against the defendant on the issue of negligence, but submitted the issues of causation and damages to the jury. The jury returned a verdict for the plaintiff, Linda H. Baxter, in the amount of $5,000.00 but found against Thomas Baxter. Plaintiffs' motions for a new trial or additur were overruled and the matter is now before us.

Counsel for appellants give the following as issues on appeal:

A. The court erred in allowing an insufficient and/or inadequate and speculative verdict to remain intact upon a demonstration that such verdict was well below

the lower limit of the range of reasonableness.

B. The court erred in its charge to the jury in that it was vague, abstract and confusing.

(1)(a) The court erred in its charge regarding damages, generally, including the reasonable value of medical care and supplies: Past and future diminution in earning capacity; and pain and suffering; and in refusing accurate special requests.

(1)(b) The court erred in its charge regarding the aggravation of a pre-existing condition.

(2) The court erred in interlineating on the verdict form.

C. The court erred in allowing evidence regarding the existence, disposition and legal effect of the disposition of another lawsuit involving the appellants and another defendant.

D. The trial court erred in its charge on loss of consortium.

E. The trial court erred in directing a verdict on negligence and not also directing a verdict on causation.

Unless the alleged error complained of on appeal was contained in the motion for a new trial, we are unable to consider it. T.R.A.P. 3(e). We have diligently read the motion for new trial and, giving appellants all possible leeway, find that most of that complained of on appeal was not contained in the motion for new trial. Our task is rendered somewhat difficult because the manner and verbiage used to present the issues on appeal bear little resemblance to the manner and verbiage used in the motion for a new trial. The issues presented on appeal are given an alphabetical designation of order, while the issues contained in the motion for a new trial are given a numerical designation with no apparent relationship between the respective orders. The restatement of the issues on appeal has also caused us considerable difficulty. For instance, we tried to consider Issue D to be a restatement of item 3 contained in the motion for new trial, which was as follows:

3. The jury verdict was erroneous because the Court directed a verdict in favor of the Plaintiffs as to negligence which required the jury to return a verdict for at least nominal damages, if not more, in the case of Thomas Baxter v. Richard I. Vandenheovel.

However, upon examination of appellants' brief, we discover that the argument in regard to Issue D has nothing to do with motion for new trial issue 3, but is, in its entirety, an argument addressed to the failure of the Trial Judge to charge plaintiffs' special requested charge. The charge is set forth both as requested and as given, and plaintiffs urge this Court to accept the requested version of the charge. In addition, the motion for new trial contains no complaint regarding the Court's failure to charge the appellants' special requested instruction. In short, the items mentioned in the motion for a new trial and the issues on appeal are a mixture of apples and oranges when it is required that the objects be the same.

We have done our very best to decipher the issues and consider the following to be properly before us on appeal:

1. Whether the Trial Court erred in allowing evidence regarding the first lawsuit and the nonsuit taken as to it.

2. Whether the Trial Court erred by interlineating on the verdict form submitted to the jury regarding the claim of plaintiff Thomas Baxter.

3. Whether the Trial Court erred in not directing a verdict on the issue of causation.

4. Whether the verdict is so inadequate as to require a new trial.

 During the course of the trial, Mrs. Baxter was cross-examined regarding statements made in the pleadings and depositions taken in the first suit to the effect that all of her injuries were the result of the first accident. Such statements were clearly inconsistent with testimony and her position in the second suit that all injuries were the result of the second accident. The inconsistency is made more apparent by the fact that the first suit was filed

exactly one year from the date of the first accident and just a few days before the suit arising from the second accident was filed, which alleged that all of her injuries were the result of the second accident. Clearly, these statements were admissible as prior inconsistent statements. *See, e.g., Sikes v. Tidwell,* (1981 Tenn.App.M.S.) 622 S.W.2d 548; *State v. Grady,* (1980 Tenn.Crim. App.) 619 S.W.2d 141. However, prior inconsistent statements may be explained, and such inconsistencies go only to the weight to be given the witness's testimony. *Sikes,* 622 S.W.2d at 551. Mrs. Baxter, in our opinion, did a credible job of explaining the apparent inconsistency. She and her counsel testified that at the time the first suit was filed, neither she, her doctor, nor her counsel knew which accident caused her injuries. Her doctor would offer no opinion at that time and the statute of limitations was about to run on the first accident. Therefore, in order to protect her rights in the event the doctors decided that the first accident was the cause, the first suit was filed. Further, when her doctors concluded that the cause of Mrs. Baxter's injuries was the second accident, counsel orally informed the Trial Judge in the first suit that a non-suit would be taken, although the formal order of non-suit was not entered until the day of the trial of the second suit. As already noted, counsel for plaintiffs also took the stand to explain the apparent inconsistency in the pleadings; his explanation was the same as Mrs. Baxter's. However, on cross-examination, counsel was quizzed regarding the legal effect of a non-suit, i.e., whether the first suit could be refiled after the second suit was ended by judgment. This cross-examination is the main thrust of the first issue. We are not required to rule upon the propriety of such examination because our examination of the record does not reveal any objection made to such cross-examination. Evidence admitted without objection at the trial level cannot be the subject of complaint at the appellate level. *See Hohenberg Brothers Co. v. Missouri Pacific Railroad Co.,* (1979 Tenn.App.W.S.) 586 S.W.2d 117. Accordingly, the first issue is found against the appellants.

■ In appellants' brief, they argue that an interlineation by the Trial Judge on a suggested jury form confused the jury. We first note that the jury form evidently used by the jury is not contained in the record. However, the appellants' brief refers us to the following portion of the charge of the Court:

To make the rendition of your verdict more easily mechanical, we have prepared for you a Jury verdict form, the first paragraph [of] which reads, "We, the Jury, find in favor of the plaintiff, Linda H. Baxter, and assess damages at", and then a blank, which paragraph you may or may not use, depending upon the proff [sic] and law that I have heretofore charged you, that is the proof applied to the law.

The next paragraph says, "We, the jury, find in favor of the plaintiff, Thomas Baxter, and assess damages at", and then a blank, which paragraph you may or may not use.

And then it says, "We, the Jury, find for the Defendant, against Thomas Baxter", and I would suggest you use that only in the event that you find that Mrs. Baxter is entitled to recover and Mr. Baxter is not, and in which event you strike through the unapplicable portions.

And the last paragraph says, "We, the jury, find for the defendant against both plaintiffs," And I adding in I think something—if you recall, when I said, "We, the Jury, find for the defendant against both plaintiffs," I am adding "as to complaints for personal injuries and loss of consortium and award nominal damages in the amount of blank."

And if you should use that last paragraph, you can just strike through all of the rest of the others that wouldn't be applicable.

R., vol. 3, pp. 425–26.

The addition made by the Trial Judge as indicated in the penultimate paragraph is the allegedly confusing part. We find that it is not confusing when considered togeth-

er with the paragraph of the charge immediately preceding the above quotation in which the Trial Judge charged that since negligence had been proven, a nominal damage award had to be given even if no actual damages were found as follows:

> But if you find that Mr. and Mrs. Baxter are not entitled to recover, it would be your duty to assess nominal damages against Mr. Vandenheover [sic], since I have charged you that he is guilty of negligence which caused the collision, but not necessarily the injuries and loss of consortium and loss of services.

R., vol. 3, pp. 424–25.

It seems from the quoted parts of the record that the form verdict (which we do not have) omitted any reference to nominal damages and the Trial Judge interlineated it to provide for them. Neither the motion for new trial nor brief of counsel on appeal questions the correctness of the portion of the charge concerning nominal damages, which we, therefore, do not consider, but both allege that it is so confusing as to constitute reversible error. We do not find it confusing; but its correctness we do not pass upon. The issue is found against the appellant.

■■■■ The gist of the argument on the issue of the Trial Judge's failure to direct a verdict on causation is that the only medical proof in the record is that Mrs. Baxter's injuries were caused solely by the accident with the defendant. This proof is found in the deposition of Mrs. Baxter's doctor. Although *Hudson v. Capps*, (1983 Tenn.App. W.S.) 651 S.W.2d 243, and *Reserve Life Insurance Co. v. Whittemore*, (1969 M.S.) 59 Tenn.App. 495, 442 S.W.2d 266, hold that the general rule is that undisputed medical proof may not be ignored by the jury, the issue presented is without merit for two reasons. The first is that the motion for a directed verdict for the plaintiffs as to liability was made by plaintiffs only at the close of plaintiffs' proof. The Court denied the motion, stating that the Court thought it should hear defendant's proof. At the close of all the proof, we do not find that plaintiffs' motion was renewed. When ruling upon this type of motion, the Trial Judge must rule based upon the status of the proof at the time the motion is made. When additional proof is adduced subsequent to the denial of the first motion, the Trial Judge must then, if a new motion is made, examine the new or renewed motion in light of the cumulative proof. We can not hold him in error for failing to rule when no later motion was made. *See Holmes v. American Bakeries Co.*, (1970 W.S.) 62 Tenn.App. 601, 466 S.W.2d 502. The second reason we find the issue to be without merit is that even if the motion had been made, it would be to no avail. We do not fault the general rule that undisputed medical proof may not be ignored by the jury. However, we are of the opinion that the general rule does not apply when the medical opinion is based upon purely subjective findings. A reading of the medical testimony shows clearly that the doctor based his opinion on statements given him by Mrs. Baxter as to when her pain or complaints ceased and/or commenced. Basically, in this case, the doctor's opinion is based upon his assessment of Mrs. Baxter's credibility. Such credibility is ordinarily for the jury and the jury in this case was not bound to accept the medical testimony. *See Lodge Manufacturing Co. v. Wilkerson*, (1956) 199 Tenn. 318, 286 S.W.2d 865.

■■■■ We have reviewed the evidence in light of the error alleged as to the insufficiency of the verdict, and while we may not agree with the amount of the jury's verdict, we find that, based on the proof, the jury could have found that not all of Mrs. Baxter's injuries were caused by the second accident. Considering this finding, the jury could have reasonably concluded that the second accident was the cause of $5,000.00 of her injuries. The jury, having reached this conclusion, would not be obligated to compensate plaintiffs in this judgment for injuries suffered in both accidents. *See Haws v. Bullock*, (1979 Tenn. App.E.S.) 592 S.W.2d 588. Furthermore, next to the jury, the Trial Judge was in the best position to determine the reasonable-

ness of the verdict. *See Strother v. Lane,* (1976 Tenn.App.M.S.) 554 S.W.2d 631. Once the Trial Judge has, as here, approved the verdict, appellate Courts must give great weight to that decision. *See Karas v. Thorne,* (1975 Tenn.App.W.S.) 531 S.W.2d 315.

Accordingly, we must find the last issue against appellant and affirm the judgment below with costs adjudged against the appellant.

Done at Jackson in the two hundred and ninth year of our Independence and in the one hundred and eighty-ninth year of our Statehood.

TOMLIN and CRAWFORD, JJ., concur.