# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

ROLAND HAYES,
)
)
    Plaintiff/Appellant,
) **Shelby Circuit No. 36853 T.D. & 72286 T.D.**
)
VS.
) **Appeal No. 02A01-9610-CV-00251**
)
JOHN DOE and SHELTER
)
INSURANCE COMPANY,
)
)
    Defendants/Appellees.
)

## APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
### AT MEMPHIS, TENNESSEE
### THE HONORABLE GEORGE H. BROWN, JR., JUDGE

FILED

September 4, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

**RITA L. STOTTS**
Memphis, Tennessee
Attorney for Appellant

**JAMES E. CONLEY, JR.**
**THOMASON, HENDRIX, HARVEY,**
**JOHNSON & MITCHELL**
Attorney for Appellee, Shelter Insurance Company

**AFFIRMED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**DAVID R. FARMER, J.**

    In this automobile accident case, Roland Hayes ("Plaintiff") filed suit against John

Doe ("Doe") for damages sustained when Plaintiff was forced to drive off the road into a tree in order to avoid a head-on collision with Doe's vehicle. Plaintiff filed a second suit against Shelter Insurance Company ("Defendant") for Defendant's alleged bad faith failure to pay Plaintiff's uninsured motorist claim under the insurance contract existing between Plaintiff and Defendant. The trial court later consolidated Plaintiff's negligence suit against Doe with Plaintiff's bad faith suit against the Defendant. After the parties stipulated that the Defendant paid Plaintiff $11,262.89 prior to trial and after the jury returned a verdict of $2,337 in favor of Plaintiff on Plaintiff's negligence claim against Doe, the trial court held that Plaintiff should recover nothing from the Defendant in accordance with the jury's verdict. Plaintiff appeals the judgment of the trial court arguing that the trial court erred in consolidating Plaintiff's negligence action against Doe with Plaintiff's bad faith action against the Defendant and in refusing to grant Plaintiff an additur or a new trial. For the reasons stated hereafter, we affirm the judgment of the trial court.

**FACTS**

On January 4, 1990 at approximately 7:00 p.m., Plaintiff was driving east on Simmons Road, a two-lane road. As Plaintiff proceeded along the road, Plaintiff noticed an unidentified car traveling west on Simmons Road which had its lights on high beam and was swerving. The unidentified car crossed the double line in the road and forced Plaintiff to swerve right in order to avoid a head-on collision. Plaintiff swerved, struck a tree and was injured.

Plaintiff filed a negligence action in circuit court against Doe, the unknown driver, and Plaintiff filed a second action in chancery court against the Defendant, alleging the Defendant's bad faith refusal to pay Plaintiff's unisured motorist claim. These cases were later consolidated and transferred to circuit court.

The parties stipulated that the Defendant was Plaintiff's uninsured motorist carrier on January 4, 1990, the day of the accident, and that the Defendant paid Plaintiff

2

$11,262.89 prior to trial.

At trial, two eyewitnesses testified that they saw the unknown driver swerve in front of Plaintiff's vehicle, forcing Plaintiff off the road and into a tree.

Dr. John Howser, a neurosurgeon, first examined the Plaintiff on May 18, 1983 after Plaintiff had been involved in a car accident wherein Plaintiff was forced off the road and into a ditch. Suffering from black-outs, dizziness, headaches, neck and low back pain, Plaintiff was treated by Dr. Howser. Dr. Howser opined that Plaintiff was possibly suffering from a ruptured disk.

Dr. Howser next saw Plaintiff on May 21, 1986 after Plaintiff had been involved in another automobile accident in which his head hit the windshield and he was jerked around in the car. Plaintiff complained of neck pain, low back pain and headaches as a result of this accident. Dr. Howser diagnosed Plaintiff as having cervical lumbar strain and opined that Plaintiff possibly had a central ruptured disk. Plaintiff visited Dr. Howser again on September 14, 1987 whereupon Plaintiff was experiencing no pain and was doing well.

After the January 4, 1990 car accident, Plaintiff returned to Dr. Howser on January 9, 1990 complaining of neck pain, back pain and headaches. Plaintiff again visited Dr. Howser on January 16, 1990, July 18, 1990, April 18, 1991, and on October 1, 1991. As a result of Plaintiff's January 4, 1990 accident, Dr. Howser opined that Plaintiff was possibly suffering from a ruptured disk.

After being mugged, struck in the head, and knocked unconscious on December 24, 1991, Plaintiff again visited Dr. Howser. Dr. Howser saw Plaintiff in February, March and April 1992.

Although Dr. Howser opined that Plaintiff was possibly suffering from a ruptured disk, none of Dr. Howser's tests confirmed the existence of a ruptured disk.

According to Plaintiff's testimony, Plaintiff was treated in 1979 by Dr. Horn for head and neck injuries after Plaintiff was involved in an automobile accident. Plaintiff was involved in other automobile accidents in 1981, 1982, 1983, and in 1985 or 1986. In Plaintiff's 1982 car accident, Plaintiff was a passenger in a car which landed in a ditch and hit a tree. Plaintiff filed suit and collected a judgment for his injuries sustained in the 1983 car accident. As a result of the 1985 automobile accident, Plaintiff experienced severe neck pain, back pain and headaches. In 1986, Plaintiff was attacked by the police.

Plaintiff pled guilty to leaving the scene of an accident which occurred on May 4, 1990. In October 1990, Plaintiff had another car accident on Simmons Road wherein Plaintiff's tire blew out. Plaintiff suffered neck pain, back pain and headaches as a result of the October 1990 accident.

Other insurance policies Plaintiff had in effect at the time of the January 4, 1990 accident in addition to the policy Plaintiff had in effect with the Defendant include: an insurance policy with Mutual of Omaha issued on December 26, 1989, an insurance policy with Associated Doctor's Health issued on November 30, 1989, an insurance policy with National Home Life issued on December 11, 1989 and a disability policy with Monumental General Insurance Group.

According to the testimony of Marie Cornelius, an administrator of medical insurance employed by the Steam Fitters Local Union and Welfare Fund ("Steam Fitters"), Plaintiff's insurance with Steam Fitters went into effect on January 1, 1990. Plaintiff filed a claim with Steam Fitters after his January 4, 1990 accident. Plaintiff filed another claim after being hit by an unidentified object in July 1990. Another claim was filed by Plaintiff in October 1990 after Plaintiff was involved in a car accident. Plaintiff filed additional claims in March 1991, May 1991, August 1991, and September 1991 for injuries resulting from falling off a horse. In October 1991, Plaintiff's foot slipped out from under him as he was changing a tire, and he filed another claim. Plaintiff filed a claim in December 1991 after being attacked and beaten. On November 16, 1992, Plaintiff filed a claim for a sprained neck.

4

On November 19, 1992, Plaintiff filed a claim for contusion of the face and skull.

According to the testimony of Dr. Richard Ennis, an orthopaedic surgeon, Dr. Ennis first saw Plaintiff during the mid-1980's for a back injury resulting from an automobile accident. Dr. Ennis treated Plaintiff for a period of time following this accident, and Plaintiff's back finally healed. Dr. Ennis saw Plaintiff again on October 18, 1988 after Plaintiff had been involved in an automobile accident on October 9, 1988 wherein Plaintiff was a front seat passenger in a car which was forced to swerve in order to avoid a head-on collision with another car. The car in which Plaintiff was riding struck a tree. Complaining of headaches, neck pain, shoulder pain and lower back pain, Plaintiff was diagnosed as having neck and low back strain.

On January 29, 1990, Dr. Ennis treated Plaintiff for injuries resulting from his January 4, 1990 car accident and diagnosed Plaintiff as having acute cervical strain and acute lumbar strain. Dr. Ennis saw Plaintiff again on March 12, 1990 whereupon Plaintiff still had some neck pain, but his back was much better. Dr. Ennis stated that there was no evidence indicating that Plaintiff had suffered a serious injury as a result of his January 4, 1990 car accident and no evidence indicating that Plaintiff had a ruptured disk due to this accident.

Dr. Ennis next treated Plaintiff in July 1991 for injuries resulting from Plaintiff's fall from a horse. Complaining of injuries to his back and neck, Plaintiff was treated by Dr. Ennis from July through November 1991 for injuries resulting from his fall off a horse. Dr. Ennis opined that when he saw Plaintiff in July 1991, Plaintiff had fully recovered from his car accident which occurred on January 4, 1990. Dr. Ennis opined that Plaintiff suffered no permanent impairment as a result of his January 4, 1990 automobile accident.

After examining Plaintiff on April 20, 1994, Dr. James Rodney Feild, a neurosurgeon, stated that Plaintiff had no significant back problems, that Plaintiff had no disability resulting from his January 4, 1990 car accident and that Plaintiff needed no

further treatment. Dr. Feild opined that Plaintiff sustained a sprained back as a result of the January 4, 1990 car accident, that Plaintiff should have been off work for forty-eight hours, and that Plaintiff required no additional treatment after forty-eight hours of rest from work. It was also Dr. Feild's opinion that Plaintiff did not have a ruptured disk and that Plaintiff falsified his clinical examination and symptoms. Upon reviewing a CAT scan of Plaintiff's lumbar spine, Dr. Feild stated that there was no evidence of disk herniation or abnormality. None of Plaintiff's tests revealed any sign of a ruptured disk or nerve impingement which could cause pain.

**LAW**

The three issues raised on appeal are as follows:

1) Whether the trial court erred in consolidating Plaintiff's negligence action with Plaintiff's bad faith action;

2) Whether material evidence exists to support the jury's verdict; and

3) Whether the trial court erred in refusing to grant Plaintiff an additur or a new trial.

Plaintiff argues that the trial court erred in consolidating Plaintiff's negligence action with Plaintiff's bad faith action. Plaintiff, however, has produced no evidence indicating that Plaintiff objected to the trial court's consolidation of the two actions. In absence of such evidence, Plaintiff has waived his right to raise this as an issue on appeal. Ehrlich v. Weber, 88 S.W. 188, 189 (Tenn. 1905); Harwell v. Walton, 820 S.W.2d 116, 119-20 (Tenn. Ct. App. 1991); Wright v. United Services Auto. Ass'n, 789 S.W.2d 911, 914 (Tenn. Ct. App. 1990); Dement v. Kitts, 777 S.W.2d 33, 35 (Tenn. Ct. App. 1989); Yarbrough v. Stiles, 717 S.W.2d 886, 887-88 (Tenn. Ct. App. 1986); Pyle v. Morrison, 716 S.W.2d 930, 936 (Tenn. Ct. App. 1986); Baxter v. Vandenheoval, 686 S.W.2d 908, 911 (Tenn. Ct. App. 1984).

Review of findings of fact by the trial court in civil actions shall be *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding,

6

unless the preponderance of the evidence is otherwise. T.R.A.P. 13(d). Findings of fact by a jury in civil actions shall be set aside only if there is no material evidence to support the verdict. T.R.A.P. 13(d). In the instant case, Dr. Ennis testified that there was no evidence indicating that Plaintiff had suffered a serious injury as a result of the January 4, 1990 car accident and no evidence indicating that Plaintiff had a ruptured disk due to the accident. Dr. Ennis opined that Plaintiff suffered no permanent impairment as a result of the January 4, 1990 automobile accident and that Plaintiff had fully recovered from any and all injuries which he incurred due to the accident when Dr. Ennis examined Plaintiff in July 1991. In addition, Dr. Feild testified that Plaintiff sustained a sprained back as a result of the January 4, 1990 car accident, that Plaintiff should have been off work for forty-eight hours after the accident, and that Plaintiff required no additional treatment after forty-eight hours of rest from work. Dr. Feild opined that Plaintiff incurred no disability from the January 4, 1990 car accident, that Plaintiff had no significant back problems, and that Plaintiff needed no further treatment. Dr. Feild further opined that Plaintiff did not have a ruptured disk and that Plaintiff falsified his clinical examination and symptoms. Upon reviewing a CAT scan of Plaintiff's lumbar spine, Dr. Feild stated that there was no evidence of disk herniation or abnormality. None of Plaintiff's tests revealed any sign of a ruptured disk or nerve impingement which could cause pain. Based on the foregoing testimony, there is material evidence indicating that Plaintiff did not suffer a serious injury as a result of the January 4, 1990 automobile accident, that Plaintiff did not incur a ruptured disk due to this accident, and that Plaintiff suffered no permanent physical impairment which was caused by the accident. We, therefore, affirm the jury's verdict which awarded Plaintiff $2,337.

Because of our disposition of the foregoing issue, it is not necessary to address the final issue raised on appeal.

The judgment of the trial court is hereby affirmed. Costs on appeal are taxed to Appellant for which execution may issue if necessary.

7

_____

HIGHERS, J.

_____

CRAWFORD, P.J., W.S.

_____

FARMER, J.

_____

CRAWFORD, P.J., W.S.

8