IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 12, 2014 Session

## MELVIN BARNES v. LARRY SAULSBERRY, ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT00008009      John R. McCarroll, Jr., Judge**

_____

**No. W2014-00646-COA-R3-CV - Filed December 23, 2014**

_____

Defendants appeal a jury award in favor of Plaintiff.  Finding material evidence to support the verdict, we affirm.

**Tenn. R. App. P. 3 Appeal; Judgment of the Circuit Court Affirmed**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD P.J.,W.S. and BRANDON O. GIBSON, J. joined.

Florence M. Johnson, Memphis, Tennessee, for the appellants, Larry Saulsberry and Arrow Transportation Corporation.

Tressa V. Johnson and Kristy L. Bennett, Memphis, Tennessee, for the appellee, Melvin Barnes.

**MEMORANDUM OPINION[1]**

This appeal arises from a jury verdict in favor of Plaintiff in the amount of $1,000,000.00.  In January 2009, Melvin Barnes ("Mr. Barnes") filed a complaint for damages in the Circuit Court for Shelby County.  In his complaint as amended in August

_____

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:
This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

2013, Mr. Barnes alleged that, on January 10, 2008, he was located on the shoulder of the roadway, waiting for the assistance of police and emergency personnel after being involved in a motor vehicle accident, when a taxi cab operated by Larry Saulsberry ("Mr. Saulsberry") struck a parked vehicle, causing it to collide with Mr. Barnes' vehicle which, in turn, struck Mr. Barnes, causing him serious and disabling injuries. Mr. Barnes alleged that the taxi cab was owned by Arrow Transportation Corporation ("Arrow"; collectively with Mr. Saulsberry, "Defendants") and that Defendants were guilty of common law negligence and negligence *per se.* Mr. Barnes asserted that Defendants' negligence directly and proximately caused injuries including but not limited to a broken leg, skull fracture, lacerations and general pain and discomfort. He asserted that he had "endured excruciating pain and suffering" and that he would continue to suffer in the future. He sought compensatory damages in the amount of one million dollars ($1,000,000.00) for past and future medical expenses, mental anguish, and loss of enjoyment of life. In their answer, Defendants generally denied Mr. Barnes' allegations and asserted nine affirmative defenses, including the comparative fault of Mr. Barnes; the statute of limitations; assumption of risk; lack of causation; superceding and intervening cause; the doctrines of accord and satisfaction, estoppel, release, and *res judicata*; and failure to state a claim.

The matter was heard by a jury on November 18 through November 20, 2013. The jury returned a unanimous verdict in favor of Mr. Barnes, finding Mr. Saulsberry to be at fault and awarding Mr. Barnes damages in the amount of $1,000,000.00. The jury allocated the damages as:

medical damages (past): $225,000.00
medical damages (future): $100,000.00
physical pain and mental suffering (past): $200,000.00
physical pain and mental suffering (future): $200,000.00
Loss of enjoyment of life (past): $100,000.00
Loss of enjoyment of life (future): $100,000.00
Permanent injury: $175,000.00

The trial court entered its order on the jury verdict on December 13, 2014, and a consent order amending the verdict to correct a typographical error on January 6, 2014.

On January 14, 2014, Defendants filed a document styled "MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR NEW TRIAL, JUDGMENT NOTWITHSTANDING THE VERDICT OR REMITTUR" (sic). On February 7, 2014, Mr. Barnes filed a motion to strike Defendants' memorandum, asserting that it was improperly filed where no motion accompanied the memorandum as required by Rule 59.04 of the Tennessee Rules of Civil Procedure. Mr. Barnes also filed a response and memorandum of law in opposition to Defendants' memorandum. Defendants responded on February 24, 2014, asserting that their pleading was timely filed, that it was inadvertently mistitled, and that it should be perceived as a motion for a judgment notwithstanding the verdict, a motion for a new trial, and motion for remittitur. Following a hearing, on March 7, 2014, the trial

court denied Defendants' motion and Mr. Barnes' motion to strike. Defendants filed a timely notice of appeal to this Court.

## Issues Presented

Defendants present the following issues for our review, as we understand them:
1. Whether the jury instructions in this cause regarding agency and fault were in error.
2. Whether the trial court erred in not granting Defendants' Tennessee Rules of Civil Procedure Rule 50 motion for directed verdict where Plaintiff failed to prove causation.
3. Whether the trial court erred in denying Defendants' motion for remittitur in light of jury confusion.

## Standard of Review

We will set aside a jury's findings of fact only if there is no material evidence to support the verdict. Tenn. R. App. P. 13(d); *E.g., Akers v. Prime Succession of Tennessee, Inc.*, 387 S.W.3d 495, 501 (Tenn. 2012). When determining whether the jury verdict is supported by material evidence, we will not re-weigh the evidence, but must take the strongest possible view of all the evidence supporting the verdict and assume its truth, allowing all reasonable inferences that sustain the verdict and discarding countervailing evidence. *Id.* (quotations omitted). We review the trial court's conclusions of law *de novo*, however, with no presumption of correctness. *E.g., Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 204 (Tenn. 2012).

## Jury Instructions

We turn first to Defendants' assertion that the trial court's instructions to the jury regarding agency and fault were erroneous. In their brief, Defendants assert that, notwithstanding a "lengthy colloquy between the parties[,]" the trial court failed to instruct the jury regarding the issue of "independent contractor status and the agency relationship of the taxi cab drivers as it relates to the transportation company." Mr. Barnes asserts that Defendants waived this issue where they failed at trial to raise a contemporaneous objection to the jury form. He also asserts that Defendants failed to allege an error in the jury verdict form in their motion for a new trial, and that defense counsel agreed at trial that Arrow would be liable for any fault on the part of Mr. Saulsberry.

As Mr. Barnes asserts, an objection to a jury verdict form generally is waived in the absence of a timely objection to the form. *Creech v. Addington*, 281 S.W.3d 363, 386 (Tenn. 2009). An objection should be raised before the form is submitted to the jury, if possible. *Id.* If the substance of the verdict form is unknown when it is submitted to the jury, then any objection should be raised before the jury returns a verdict. *Id.*

Defendants' argument, however, as we perceive it, is not that the jury form was incorrect but that the trial court failed to instruct the jury on agency and independent contractor status as it relates to this case. Rule 51.02 of the Tennessee Rules of Civil Procedure provides:

> After the judge has instructed the jury, the parties shall be given opportunity to object, out of hearing of the jury, to the content of an instruction given or to failure to give a requested instruction, but failure to make objection shall not prejudice the right of a party to assign the basis of the objection as error in support of a motion for a new trial.

However, it is well-settled that in civil cases tried by a jury an alleged error that is not asserted in a party's motion for a new trial will be considered waived on appeal. Rule 3(e) of the Tennessee Rules of Appellate Procedure provides, in relevant part, "in all cases tried by a jury, no issue presented for review shall be predicated upon error in . . . jury instructions granted or refused . . . unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived." Upon review of the purported motion for a new trial contained in the record, we observe that Defendants failed to allege error in the trial court's instructions to the jury. This issue accordingly is waived.

## Directed Verdict

Defendants assert that the trial court erred by denying their motion for a directed verdict where the only evidence regarding causation was Mr. Barnes' inadmissible hearsay testimony. Defendants assert that Mr. Barnes testified that he did not know what struck him on the night of the accident and that he was told by others, who did not testify at trial, what had occurred when he was in the hospital. Defendants assert that they objected to Mr. Barnes' statements at trial, and that the trial court erred by allowing hearsay statements to come into evidence.

Mr. Barnes, on the other hand, asserts that Defendants failed to contemporaneously object to his testimony at trial. He submits that Defendants did not broach the question of alleged hearsay testimony until after Mr. Barnes rested and Defendants moved for a directed verdict. Mr. Barnes further submits that, in addition to failing to object to Mr. Barnes' testimony on direct examination, defense counsel elicited the same testimony from him on cross-examination and failed to object on the ground of hearsay.

Upon review of the trial transcript contained in the record, we note that, upon direct examination, Mr. Barnes testified that "a car came up the highway and just ended up smashing my car. My car ended up pushing me and I ended up in a ditch." He testified that, after he was struck, "everything just went black." Mr. Barnes also stated, "The first day, like I said, I had no clue what hit me." Defense counsel did not object to Mr. Barnes' statements.

The trial transcript further reflects that, on cross-examination, defense counsel asked Mr. Barnes "what is it that you first recall about the second impact?" Mr. Barnes responded,

"The knowledge of the second impact, I didn't know what hit me until the next, the next two days." Counsel asked, "So you didn't know what hit you until the next day or two days?" Mr. Barnes answered, "Yes." When asked by defense counsel how he became aware of what had happened, Mr. Barnes replied that someone who witnessed the accident "came to the hospital and kind of explained it to me." Defense counsel then asked who the witness was, and restated the fact that Mr. Barnes' knowledge of the cause of the accident came from the witness. Defense counsel did not object to Mr. Barnes' testimony but, in fact, elicited the alleged hearsay from him. Defense counsel later asked whether it was correct that Mr. Barnes' vehicle struck him and knocked him over the guardrail, and Mr. Barnes replied, "Arrow Transportation cab hit my car and caused my car to hit the rail; yes." Upon further questioning with respect to what actually hit him, Mr. Barnes stated, "Arrow Cab hit my car." Defense counsel replied, "Okay. But did your body impact the Arrow Cab or did the cab impact your body?" Mr. Barnes answered, "Arrow Cab impacted the car to my body." Defense counsel stated:

> Okay. And again, I'm not trying to be argumentative, I just want to make sure that your testimony is not that the Arrow minivan hit you directly. Is that correct?

Mr. Barnes replied, "No, he didn't hit me directly."

Defendants simply failed to object to Mr. Barnes' testimony when it was admitted into evidence.[2] Only in a conversation out of the hearing of the jury did defense counsel assert that Mr. Barnes was "relying on hearsay evidence" with respect to whether it was an Arrow taxi cab that actually caused his injuries. It is well-settled that a party waives his right to challenge the admissibility of testimony on appeal if he fails to contemporaneously object to it at trial. *Patterson v. Suntrust Bank*, No. E2012–01371–COA–R3–CV, 2013 WL 139315, at *5 (Tenn. Ct. App. Jan. 11, 2013); *Rudd v. Rudd*, No. W2009-00251-COA-R3-CV, 2009 WL 4642582, at *4 (Tenn. Ct. App. Dec. 9, 2009) (citing *Baxter v. Vandenheovel*, 686 S.W.2d 908, 911 (Tenn. 1984)). In this case, defense counsel not only failed to object to the alleged hearsay testimony, but elicited it from Mr. Barnes. This issue is waived.

## Remittitur

We turn next to Defendants' assertion that the trial court failed to grant their motion for remittitur of the jury award. In their brief, Defendants assert that the jury verdict does not

---

[2]We additionally note that, in closing argument, defense counsel stated, "We don't deny that Mr. Saulsberry, after the first accident, impacted the back of Mr. Barnes' car. We don't deny that." Counsel then asserted that the extent of the damage to the taxi cab was not consistent with Mr. Barnes' testimony regarding damages.

comport with the damages established by Mr. Barnes. Defendants also assert that the jury was clearly confused with respect to damages where it failed to complete the first verdict form correctly.

Upon review of the record transmitted to this Court, we observe that it does not support Defendants' assertion that the jury failed to assign a specific judgment amount for each category of damages. Initially, the jury returned the verdict form with a verdict in the total sum of $1,000,000.00 written at the bottom, without breaking out the various measure of damages as provided on the verdict form. However, after consulting with counsel[3], the trial court called the jury back and instructed them that each of the questions on the verdict form had to be answered. The trial judge then instructed the jury to retire and answer each of the questions on the verdict form. Upon further deliberation, the jury returned the completed verdict form and the trial court read the verdict form into the record in open court, clearly stating the amount of the judgment for past and future medical expenses, past and future physical pain and mental suffering, past and future loss of enjoyment of life, and permanent injury. The trial judge then canvassed the jury and each juror acknowledged that this was his or her verdict. Although the first verdict form contained in the record includes a typographical error denoting past medical expenses twice, the record also contains a January 2014 consent amended order awarding Mr. Barnes a judgment for past medical expenses in the amount of $125,000.00 and future medical expenses in the amount of $100,000.00, in addition to damages for past and future physical pain and mental suffering, past and future loss of enjoyment of life, and permanent injury. The consent order further states that it is an exact duplicate of the verdict form submitted to the jury, and the handwritten verdict form contained in the record clearly indicates the jury's award for each category of damages. Finding no error, we find that this argument is without merit.

We finally turn to Defendants' assertion that the evidence does not support the jury verdict awarding Mr. Barnes a judgment for damages in the amount of $1,000,000.00. A jury's award of damages is reviewed under the material evidence standard. *Duran v. Hyundai Motor Am., Inc.*, 271 S.W.3d 178, 210 (Tenn. Ct. App. 2008). We must affirm the judgment if it is supported by any material evidence. *Id.*

If a trial judge is dissatisfied with the amount of damages awarded by the jury, "the trial judge may suggest a remittitur, which, if accepted by the plaintiff, would reduce the award to an amount the judge deems appropriate." *Meals ex rel. Meals v. Ford Motor Co.*, 417 S.W.3d 414, 421 (Tenn. 2013) (citation omitted). However, the trial judge may not suggest a remittitur that is "so substantial as to destroy the jury's verdict." *Id.* at n.2 (citation omitted). Where, as in this case, the trial court does not suggest a remittitur, our ability to do so on appeal is more limited. *Id.* at 423. If there is material evidence to support the jury's verdict, we must affirm it. *Id.*

---

[3]The trial court noted that the verdict form was agreed to by counsel for both Plaintiff and Defendants.

At the February 2014 hearing on the parties' post-trial motions, the trial court stated: The trial court, as I understand the law in the state [of] Tennessee, does have the duty to review what went on at trial, to independently weigh the evidence including credibility and review the issues. I've done that.

I found the plaintiff to be a credible witness, the plaintiff's witnesses to be credible witnesses. I didn't really have any trouble with the credibility issues throughout the trial. *I would reach the same verdict. I approve the verdict.* (Emphasis added).

Upon review of the totality of the record, we find that the jury verdict is supported by material evidence. We accordingly affirm the jury verdict and award of damages.

## Holding

In light of the foregoing, we affirm the judgment of the jury in this case.[4] Costs on appeal are taxed to the Appellants, Larry Saulsberry and Arrow Transportation Corporation, for which execution may issue if necessary. This matter is remanded to the trial court for enforcement of the judgment and the collection of costs.

_____
ARNOLD B. GOLDIN, JUDGE

---

[4]To the extent that Defendants argue issues not included in the Statement of the Issues section of their brief, those issues are waived. *Bunch v. Bunch*, 281 S.W.3d 406, 410 (Tenn. Ct. App. 2008) (stating: an issue not included in the Statement of the Issues Presented for Review is not properly before the Court of Appeals and is waived).