IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

MYRANDA BROWN, a minor
CANDY BROWN, a minor and
SHERRI MILLS, Individually
and as Parent and Next Friend
of MYRANDA BROWN and
CANDY BROWN,

       Plaintiffs,

Vs.

JESSICA M. CHESOR and
LISHA D. OAKS,

       Defendants.

FILED

April 6, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

Hardeman Circuit No. 8692
C.A. No. 02A01-9806-CV-00174

_____

FROM THE HARDEMAN COUNTY CIRCUIT COURT
THE HONORABLE JON KERRY BLACKWOOD, jUDGE


Michell G. Tollison; Hawks & Tollison of Humboldt
For Plaintiffs

T. Holland McKinnie; Stinson & McKinnie of Bolivar
For Defendants


*AFFIRMED AND REMANDED*

Opinion filed:


                      **W. FRANK CRAWFORD**,
                      **PRESIDING JUDGE. W.S.**


**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGE**

     This appeal involves a suit for personal injuries and property damage resulting from an automobile accident. Plaintiffs-appellants, Myranda Brown (Brown), Candy Brown (Candy) and Sherri Mills (Mills) appeal the judgment on the jury verdict that awarded plaintiff Mills

$922.00 in damages and awarded no damages for plaintiffs Myranda and Candy against defendants, Jessica Chessor (Jessica) and Lisha D. Oaks (Oaks).

On March 26, 1995, Myranda, age 16, and Candy, age 14, were passengers in an automobile driven by Jessica, age 15, and owned by her mother, Oaks. At the time of the accident, Jessica was an unlicensed driver. While driving on a public road, Jessica met an approaching vehicle driven by Brodie Sumler. Jessica claims that she swerved off the road in order to avoid a collision and lost control of the vehicle flipping the automobile. All three were taken by ambulance to local hospitals - Myranda to Bolivar Community Hospital and Candy and Jessica to Magnolia Regional Medical Center in Corinth, Mississippi. They were all released later that day. Candy and Myranda claimed injuries to their necks, shoulders, and backs as a result of the accident.

Some eleven months after the accident, the plaintiffs consulted with attorney, Michael G. Tollison (Tollison), who recommended that Candy and Myranda seek chiropractic treatment from Dr. Ron Teddleton. The plaintiffs then filed suit against Jessica, as driver, and Oaks, as owner of the car, alleging both common law and statutory acts of negligence. They alleged, *inter alia*, that Jessica failed to maintain the vehicle under reasonable control, that she failed to maintain a proper lookout ahead, that she was driving at an excessive rate of speed, and that she was operating the vehicle without a valid driver's license. They sought damages in the amount of $150,000.00 for bodily injury, emotional distress, medical expenses, and other related expenses. The parties stipulated to $1844.00 in medical bills ($621.28 for Myranda and $1,223.12 for Candy) that were reasonable and necessary to treat the injuries related to the automobile accident; however, all other damages were contested.

After a trial on the merits, the jury returned a verdict assigning fault as follows: Candy and Myranda (20%); Sumler, a non-party, (30%); and Chessor (50%). The jury found that Mills had incurred the stipulated medical expenses of $1844.00. The jury also found that Candy and Myranda had suffered no damages as a result of the automobile accident. The trial court entered judgment on the jury verdict and subsequently denied plaintiffs' motion for a new trial.

The plaintiffs timely appealed the judgment and present the following issues for review as stated in their brief:

I. Whether there is any material evidence to support the jury

2

verdict which assigned twenty percent (20%) comparative negligence to the Plaintiffs/Appellants when the Plaintiffs, minors at the time of the automobile accident, were passengers in a vehicle being driven by Defendant/Appellee, an unlicensed driver, without any evidence of a negligent act committed by Plaintiffs?

II. Whether it is reversible error for the jury to ignore the rule of law as given in jury instructions that a plaintiff is entitled to recover damages for pain and suffering when the uncontroverted proof established that Plaintiffs had experienced pain and suffering as a result of the Defendant's negligence?

III. Whether it was error for the trial court to order Plaintiffs to submit to a physical examination conducted by Dr. Michael Cobb?

IV. Whether it was error for the trial court to allow the jury to assess any degree of negligence to Mr. Brodie Sumler who was not identified in the Defendants' Answer although his identity was known at the time Defendants' Answer was filed?

V. Whether the jury's verdict is inadequate to the degree that it shocks the conscience, or in the alternative, must have been the product of passion, prejudice, or unaccountable caprice?

Where, as here, a trial judge has approved a jury's verdict, our standard of review is whether there is any material evidence to support the verdict. T.R.A.P. 13(d). Thus, absent a reversible error of law, we will set aside a judgment on a jury verdict only where the record contains no material evidence to support the verdict. *Foster v. Bue*, 749 S.W.2d 736, 741 (Tenn. 1988).

We will first consider the third and fourth issues together. The plaintiffs assert that it was error for the trial court to order Candy and Myranda to submit to an examination by the defendant's doctor. In the fourth issue they contend that it was error for the jury to assess fault against Brodie Sumler because he was not identified by name in the Answer to the Complaint. The defendants assert that plaintiffs waived these issues by failing to include them in their motion for new trial.

T.R.A.P. 3(e) provides in pertinent part:

> [T]hat in all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, *unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived.*

(emphasis added).

It is evident that neither of these issues was presented to the trial court in plaintiffs' post-trial motion and, therefore, they cannot be raised on appeal. We should note, however, that from our review of the record, we find that the trial court did not err in ordering the independent medical examination. The record also reveals that plaintiffs specifically requested a jury instruction to determine the degree of fault of the non-party and thereby waived this alleged error. These issues are without merit.

The first issue the appellants raise is that no material evidence supported the jury's assignment of 20% negligence to Candy and Myranda. They argue that the record is devoid of any proof of negligence on their part.

"Passengers in motor vehicles have a duty to exercise reasonable care for their own safety. They are expected to warn the driver of unseen dangers, to protest excessive speeds, and to refrain from riding in an automobile operated by an intoxicated or reckless driver." *Mansfield v. Colonial Freight Sys.*, 862 S.W.2d 527, 531 (Tenn. App. 1993). (citations omittted) Although a passenger does not have the same duties as the driver of a vehicle, a passenger is not without responsibility for his or her own safety. *Harrison v. Pittman*, 534 S.W.2d 311, 315 (Tenn. 1976).

In determining whether or not the guest-passenger is negligent in riding in the automobile of a reckless driver one does not look to the circumstances as they appeared to the guest-passenger; instead, negligence is to be determined by comparing the guest-passenger's conduct with that of an ordinarily prudent individual under like circumstances. *Harvey v. Wheeler*, 57 Tenn. App. 642, 423 S.W.2d 283, 285 (Tenn. App. 1967). Further, "[t]he reasonableness of a plaintiff's decision to encounter this risk is a factual determination to be determined by the trier of fact . . . ." *Silcox v. Coffee*, No. 01A01-9304-CV-00166, 1993 WL 350134, *5 (Tenn. App. W.S. Sept. 15, 1993).

Evidence at trial established that both Candy and Myranda knew that Jessica was a fifteen year old, unlicensed driver. The accident occurred on a rural road wide enough for vehicles to pass in opposite directions, although, according to Chessor, not wide enough to permit safe passing of a vehicle going in the same direction. Under these road conditions, there was evidence that Chessor, at the time she lost control of her vehicle, was driving at a speed

4

approaching 55 miles per hour. The jury could have found that in view of Chessor's driving qualifications, the high rate of speed in light of the road conditions, and the lack of remonstration or protest on the part of plaintiffs they were at least twenty percent at fault for the accident. We believe that this finding is supported by material evidence.

We also note that plaintiffs did not seek a directed verdict on the question of plaintiffs' fault, nor did plaintiffs make a special request for an instruction that the jury find no fault on the part of plaintiffs. To the contrary, plaintiffs submitted a special request for instruction that the jury determine the degree of comparative fault of both plaintiffs and defendants, indicating plaintiffs' position that there was material evidence to support a finding of fault on the part of plaintiffs.

The second and fifth issues can be dealt with together as they both challenge the adequacy of the jury's verdict. In the second issue, appellants argue that the jury ignored the court's instructions by failing to award Candy and Mandy damages for pain and suffering when the proof in the record concerning such injuries is uncontroverted. In their fifth issue, appellants argue that the jury's verdict was inadequate to the degree that it shocks the conscience or was a product of passion, prejudice, or unaccountable caprice.

Plaintiffs contend that it was not reasonable for the jury to fail to award compensation for pain and suffering. There is no mathematical rule or formula for computing damages in a negligence case. *Brown v. Null*, 863 S.W.2d 425, 429 (Tenn. App. 1993). The amount to be awarded in such cases is primarily for the jury to decide. *Lunn v. Ealy*, 176 Tenn. 374, 141 S.W.2d 893, 894 (1940) (citations omitted). The law cannot determine any fixed or certain standard for measuring such damages, but must leave the amount of the judgment to the jury guided by the facts and circumstances of the case. *Yellow Cab Co. of Nashville v. Pewitt*, 44 Tenn. App. 572, 316 S.W.2d 17, 22 (1958).

A review of the medical testimony reveals that basically the opinion evidence is based on plaintiffs' statements to the medical personnel as to when their complaints and pain commenced and ceased. Any such opinion is therefore based on the witness's assessment of plaintiffs' credibility. "Such credibility is ordinarily for the jury, and the jury in this case was not bound to accept the medical testimony." *Baxter v. Vandenheovel*, 686 S.W.2d 908, 912 (Tenn. App. 1984) (citation omitted).

5

Plaintiff also asserts that because a verdict was rendered for the medical expenses, a jury was required to enter a verdict for pain and suffering. We must disagree. In *Newsom v. Markus,* 588 S.W.2d 883 (Tenn. App. 1979), this Court considered the same argument. In finding no error in the failure to award damages for personal injuries although an award for medical expenses was made the Court said:

> We fail to find a reported Tennessee decision on the issue, but it has been held that a party is entitled to recover reasonable medical expenses for examinations, etc., in an effort to determine if personal injuries were sustained as a result of defendant's negligence, even though it develops that the party suffered no personal injury.

*Id.* at 887 (citations omitted).

Plaintiffs also complain that the jury failed to consider an award of medical expenses incurred for Dr. Teddleton's services. In *Karas v. Thorne*, 531 S.W.2d 315 (Tenn. App. 1975), this Court said:

> The fact a given amount is proven as undisputed medical expenses does not prove those expenses were necessary. The jury has the duty to weigh the testimony and to give to each witness that degree of credibility it deems proper. When that credibility is established and reflected in a verdict which is approved by the trial judge, appellate courts must give great weight to the decision.

*Id.* at 317.

In the instant case, as in *Karas*, the jury could well have concluded that plaintiffs were not injured as they claimed, and these medical expenses were not necessary.

From our review of the record, we find there is material evidence to support the jury verdict, and the verdicts are not so inadequate as to show passion, prejudice, or unaccountable caprice.

Accordingly, the judgment of the trial court is affirmed, and the case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellants.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**DAVID R. FARMER, JUDGE**