IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 8, 2002 Session

## MARCIE D. ALLEN, ET AL. v. RASHID AL-QADIR, ET AL.

**A Direct Appeal from the Chancery Court for Williamson County**
**No. I-26697      The Honorable R. E. Lee Davies, Chancellor**

---

### No. M2001-03009-COA-R3-CV - Filed October 24, 2002

---

This is an appeal from an Order entered on a jury verdict. Plaintiffs sued to set aside a transfer of property to Defendant-purchaser because Plaintiffs had an pre-existing contract on the same property. Plaintiffs also sued the Defendant-seller for specific performance of that pre-existing contract. The Chancery Court entered judgment on the jury verdict, finding, *inter alia,* that Defendant-purchaser was not a bona fide purchaser for value without notice. The court denied Defendant-purchaser's motions for new trial and to alter or amend. Defendant-purchaser appeals. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R FARMER, J., joined.

Denielle VonEnde Young, Douglas S. Hale, Franklin, For Appellant, Frank Redevelopment, LLC

Rebecca E. Byrd, Franklin, For Appellees, Marcie D. Allen and Curtis Allen

### OPINION

This is an appeal from an Order entered on a jury verdict. Marcia Allen ("Ms. Allen) is the co-owner of Allen Properties along with her father, Curtis L. Allen ("Mr. Allen," and, together with Ms. Allen "Plaintiffs," or "Appellees"). Allen Properties builds new residential homes in low income areas and then sells or rents those homes.

In 1997, Rashid Al-Qadir ("Mr. Al-Qadir") owned the property at 122 9th Avenue (the "Property"), which is at issue in this case. The Plaintiffs entered into an agreement with Mr. Al-Qadir to buy the Property and, to that end, signed a Contract to Purchase Real Estate (the "Contract"). The Contract was signed by Ms. Allen as the Buyer and by Mr. Al-Qadir as Seller on July 3, 1997. Ms. Allen wrote monthly checks to Mr. Al-Qadir pursuant to the terms of the Contract. Under the Contract, the sale to the Allens was to close on or before October 15, 1998. By document

titled First Amendment to Purchase Agreement, the Plaintiffs and Mr. Al-Qadir agreed to extend the closing date to October 15, 1999. Plaintiffs continued to make monthly payments under the original Contract. As the October 15, 1999 closing date approached, the parties again orally agreed to extend the date several more times and Mr. Al-Qadir continued to accept the monthly payments, including payments for November and December 1999.

Franklin Redevelopment, LLC ("Franklin Redevelopment," "Defendant," or "Appellee") is a limited liability company having as its principals Mr. Ralph Drury ("Mr. Drury") and Mr. Ed Underwood ("Mr. Underwood"). Franklin Redevelopment's principal business is gentrification of depressed properties in the 9th Avenue area of Franklin, Tennessee. Throughout 1998 and 1999, Franklin Redevelopment made several attempts to purchase the Property at 122 9th Avenue. In 1998, Mr. Drury contacted Mr. Al-Qadir about purchasing the Property and was told that Mr. Al-Qadir could not sell the property because of the existing contract with Ms. Allen. With this information, Franklin Redevelopment then approached Ms. Allen directly and asked to purchase or lease the property. On August 31, 1998, Ms. Allen received a letter from Franklin Redevelopment's real estate agent, offering to purchase the Property for $45,000.00. When Ms. Allen refused to sell, Franklin Redevelopment contacted her about leasing the Property. Ms. Allen also refused to lease the Property to Franklin Redevelopment.

On December 2, 1999, Mr. Al-Qadir and Ms. Allen spoke by phone. During their conversation, Mr. Al-Qadir indicated that he was no longer willing to sell the Property to Ms. Allen and that he had another buyer. The other buyer was Franklin Redevelopment. Ms. Allen informed Mr. Al-Qadir that he was contractually obligated to sell the Property to her but he claimed that his attorney had informed him that he [Mr. Al-Qadir] was no longer obligated under that contract because the deal had not been closed by the October 15, 1999 date. Mr. Al-Qadir's attorney did not have knowledge of the fact that the agreement had been extended verbally between the parties nor did the attorney know that Mr. Al-Qadir had accepted and cashed checks for the November and December 1999 payments. Ms. Allen received written notice of Mr. Al-Qadir's intent not to close on December 7, 1999.

Sometime after October 15, 1999, and relying on the advice of his attorney, Mr. Al-Qadir contacted Mr. Drury of Franklin Redevelopment to tell Mr. Drury that he [Mr. Al-Qadir] was no longer bound by the Contract with Ms. Allen and could, therefore, sell the Property to Franklin Redevelopment. Franklin Redevelopment negotiated a $65,000.00 selling price with Mr. Al-Qadir and entered into a contract to purchase the Property on December 3, 1999. Before signing the contract, Mr. Drury testified that he contacted Mr. Al-Qadir's attorney to confirm that no other interest in the Property existed. He was told by the attorney that the Allens interest in the Property had terminated. Mr. Drury, like Mr. Al-Qadir's attorney, also did not know about the verbal agreement to extend the closing on the Allens' Contract nor did he know about Mr. Al-Qadir's accepting November and December payments from Ms. Allen. The sale to Franklin Redevelopment was set to close on December 8, 1999.

On or about December 6, 1999, Ms. Allen contacted an attorney in order to sue Mr. Al-Qadir for breach of contract. That evening, Ms. Allen placed a phone call to Mr. Drury and left a message that she had a contract on the Property. She also spoke with Mr. Underwood and relayed the same information. Mr. Drury returned Ms. Allen's phone call on December 7, 1999 and asked her to produce a copy of the Contract by 5:00 p.m. Ms. Allen did not cooperate but told Mr. Drury that he could obtain a copy of the Contract from Mr. Al-Qadir or Mr. Al-Qadir's attorney. Ms. Allen did not know that Franklin Redevelopment's closing date was scheduled for December 8, 1999. Franklin Redevelopment closed on the Property on December 8, 1999.

On December 9, 1999, Ms. Allen filed a Petition to Enforce a Contract in the Chancery Court of Williamson County. Ms. Allen's original petition was amended to add Franklin Redevelopment as a Respondent on claims of inducement of breach of contract and to set- aside the transfer of Property to Franklin Redevelopment and for specific performance of the Contract between the Allens and Mr. Al-Qadir.

On March 15, 2001, Franklin Redevelopment filed a Motion for Summary Judgment. The Motion was granted as to the inducement of breach of contract claim. The case went forward on the breach of contract claim against Mr. Al-Qadir and upon the set-aside of the transfer of the Property to Franklin Redevelopment on the theory that Franklin Redevelopment was not a bona fide purchaser for value without notice of the Contract between the Allens and Mr. Al-Qadir.

The case was heard by a jury on September 19-21, 1999. The jury returned a verdict for Plaintiffs against Mr. Al-Qadir and against Franklin Redevelopment.[1] An Order on the jury verdict was entered on October 5, 2001. On October 17, 2001, Franklin Redevelopment filed motions for new trial and to alter or amend the judgment as to election of remedies, both of which were denied. Following a hearing on election of remedies on October 9, 2001, the Trial Court entered an Order on November 28, 2001, which granted Plaintiffs/Appellees' remedy of specific performance without reimbursement to Defendant/Appellant for improvements to the Property.

Franklin Redevelopment appeals, presenting the sole issue for review: Whether there was material evidence to support the jury's determination that Franklin Redevelopment was not a bona fide purchaser for value and without notice of the Plaintiffs' claim to the Property.

"Where, as here, a trial judge has approved a jury's verdict, our standard of review is whether there is any material evidence to support the verdict." *Brown v. Chesor*, 6 S.W.3d 479, 482 (Tenn. Ct. App.1999) (citing Tenn.R.App.P. 13(d)). In effect, "absent a reversible error of law, we will set aside a judgment on a jury verdict only where the record contains no material evidence to support the verdict." *Id.* (citing *Foster v. Bue*, 749 S.W.2d 736, 741 (Tenn.1988)). In cases tried by a jury, this court is "not at liberty to weigh the evidence and decide where the preponderance lies but [is]

---

[1] Pursuant to a jury verdict form, the jury found specifically that Franklin Redevelopment was not a bona fide purchaser without notice of Plaintiffs' claim to the property. The other findings by the jury need not be related, since they have no bearing on the issue in this appeal.

limited to determining whether there is material evidence to support the verdict. If there is any material evidence to support the verdict, the judgment must be affirmed." ***Pullen v. Textron, Inc.***, 845 S.W.2d 777, 780 (Tenn. Ct. App.1992) (citing ***Crabtree Masonry Co. v. C & R Constr., Inc.***, 575 S.W.2d 4, 5 (Tenn.1978)).

The undisputed jury instructions used at trial defined bona fide purchaser for value as follows:

> A bona fide purchaser is defined as one who buys something for value without notice of another's claim to the item or of any defects in the seller's title; one who has in good faith paid valuable consideration for property without notice of prior adverse claims

On the element of notice, the jury was further instructed as follows:

> Notice may be either actual or implied. When anything appears which would put a person of ordinary prudence upon inquiry, the law presumes that such inquiry was actually made, and therefore fixes the notice upon him as to all legal consequences.
>
> Constructive notice occurs when a person files and records their legal instrument in the county registrar's office.
>
> While it is true that the recordation creates constructive notice as distinguished from actual notice, in that ordinarily actual notice is when one sees with his eyes that something is done. Another kind of notice occupying what amounts to a middle ground between constructive notice and actual notice is recognized as inquiry notice. The words actual notice do not always mean in law what in metaphysical strictness they import; they more often mean knowledge of facts and circumstances sufficiently pertinent in character to enable reasonably cautious and prudent persons to investigate and ascertain as to ultimate facts. Even a good faith failure to undertake the inquiry is no defense. Thus, whatever is sufficient to put a person upon inquiry, is notice of all the facts to which that inquiry will lead, when prosecuted with reasonable diligence and good faith.

Our review of the record has determined that there exists material evidence that the jury could have properly relied upon in reaching its verdict that Franklin Redevelopment was not a bona fide purchaser for value without notice of the Allens' claim to the Property. First, Ms. Allen testified that Franklin Redevelopment contacted her in person and through their agent to negotiate purchase or lease of the Property after being told by Mr. Al-Qadir that the Allens had a contract on the

-4-

Property. From this evidence, a reasonable jury could have concluded that Franklin Redevelopment would have contacted Ms. Allen to discuss sale or lease of the property only if they had notice that she had some legal right to the Property. Second, Ms. Allen testified that she called both Mr. Drury and Mr. Underwood prior to the Franklin Redevelopment closing and notified them that she and Mr. Al-Qadir had entered a contract for purchase of the Property. Mr. Drury's testimony confirmed that Ms. Allen had contacted him about her Contract with Mr. Al-Qadir. From this testimony, a reasonable jury could have concluded that Franklin Redevelopment had "knowledge of facts and circumstances sufficiently pertinent in character to enable reasonably cautious persons to investigate and ascertain as to ultimate facts," as charged by the court.

Franklin Redevelopment asserts that they did make reasonable inquiry in that they relied upon the statements of both Mr. Al-Qadir and Mr. Al-Qadir's attorney that the Contract with Ms. Allen had expired. Franklin Redevelopment further asserts that they did conduct a reasonable investigation, which led to the conclusion that there was no contract between the Allens and Mr. Al-Qadir. The job of this Court is not to delve into the jury's deliberations nor to second guess the jury's determination on issues of fact. Although evidence may exist to support Franklin Redevelopment's position on the issue of notice, other material evidence, as outlined above, supports the jury's finding that Franklin Redevelopment was not a bona fide purchaser for value without notice of the Allens' Contract.

The order of the trial court is affirmed, and the case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed to Appellant, Franklin Redevelopment, and its surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.