IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS AUGUST 8, 2002

## STATE OF TENNESSEE, ON RELATION OF THE COMMISSIONER, DEPARTMENT OF TRANSPORTATION, FOR AND ON BEHALF OF SAID DEPARTMENT v. DEBORAH GAY RAINEY

Direct Appeal from the Circuit Court for Shelby County
No. 131558 T.D.     Rita L. Stotts, Judge

No. W2002-00010-COA-R3-CV - Filed January 27, 2003

This appeal arises from a condemnation proceeding. The trial court awarded the Appellant $38,040.00 as the fair market value of the property taken and zero dollars for incidental damages to the remaining property. Appellant raises a single issue on appeal. For the following reasons, we dismiss the appeal.

### Tenn. R. App. P. 3; Appeal as of Right; Appeal Dismissed, Case Remanded

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Charles E. Waldman, Memphis, TN, for Appellant

Paul G. Summers, Attorney General & Reporter, Nashville, TN; Larry M. Teague, Deputy Attorney General, Jackson, TN, for Appellee

### OPINION

### Facts and Procedural History

The property at issue in this proceeding is a 15.739 acre parcel of land owned by Deborah Gay Rainey ("Ms. Rainey") and located in a residential area of Southeast Memphis. On August 23, 1990, the State of Tennessee (the "State") filed a Petition for Condemnation, seeking the condemnation and appropriation of a 0.951 acre portion of Ms. Rainey's property. In accordance with Tennessee Code Annotated section 29-17-802, the State deposited $53,850.00 in the care of the Circuit Court Clerk of Shelby County. After conducting a hearing, the trial court granted the State's petition and entered an Order of Condemnation and Appropriation on October 12, 1990. On March 7, 1991, the trial court entered a Consent Order of Disbursement, authorizing the clerk of the court to disburse $53,850.00 to Ms. Rainey.

Subsequently, the State constructed a drainage ditch within the easement as well as a 15-foot high concrete wall on the easement as a sound-barrier. In early 1992, the State Department of Transportation commissioned an additional appraisal of the area. This appraisal was prepared by Jamison Walter Allen ("Mr. Allen"). According to Mr. Allen, the best use of the land on October 12, 1990 was institutional and the fair market value of the land was $40,000 per acre. Mr. Allen concluded that the value of the 0.951 acre easement as of October 12, 1990 was $38,040.00 and that there were no damages to the remainder of Ms. Rainey's property.

The condemnation proceeding was tried on December 3, 4 and 5 of 2001. At the conclusion of the trial, the jury returned a verdict awarding Ms. Rainey $38,040.00 as the fair market value of the 0.951 acre easement and found that she was entitled to no incidental damages to her remaining property. On January 10, 2002, the trial court filed its Judgment and Final Decree, upholding the jury's verdict. The court ordered that Ms. Rainey was to recover $38,040.00 from the State, of which $53,850.00 had already been deposited and disbursed to Ms. Rainey in accordance with a previous order of the court. This left a balance of $15,810.00 due to the State, which Ms. Rainey was ordered to refund to the State.

On appeal, Ms. Rainey contends that the trial court failed to distinguish between the fair market value of the land at the time of the taking, October 12, 1990, and the fair market value of the land after the drainage ditch and sound barrier wall were constructed. Specifically, Ms. Rainey argues that the trial court gave an incorrect date during the jury instructions and that any confusion caused by the trial court's failure to use the correct date resulted in the denial of her right to recover incidental damages. Ms. Rainey now asks this Court to vacate the judgment of the trial court and remand the case for a new trial.

## Issue

The parties raise the following issue for our review:

1.      Whether the trial court erred in failing to give the jury the correct year on at least two occasions in the jury instruction phase of a condemnation proceeding.

## Standard of Review

With respect to findings of fact by a jury in a civil action, our review is limited to determining whether there is any material evidence to support the verdict. TENN. R. APP. P. 13(d). "Thus, absent a reversible error of law, we will set aside a judgment on a jury verdict only where the record contains no material evidence to support the verdict." Brown v. Chesor, 6 S.W.3d 479, 482 (TN Ct. App. 1999) (citing Foster v. Bue, 749 S.W.2d 736, 741 (Tenn. 1988)).

## Law and Analysis

Ms. Rainey presents one issue for our review. A review of the record, however, shows that Ms. Rainey did not file a motion for new trial in this proceeding. "It has long been the rule in this state that in order to preserve errors for appeal, the appellant must first bring the alleged errors to the attention of the trial court in a motion for a new trial." Fahey v. Eldridge, 46 S.W.3d 138, 141 (Tenn. 2001). The purpose behind this rule is to make the appeal process more efficient and to give the trial judge an opportunity to "consider or to reconsider alleged errors committed during the course of the trial or other matters affecting the jury or the verdict. . . ." Id. at 142. This rule is enumerated in Tennessee Rule of Appellate Procedure 3(e), which provides in pertinent part:

> [I]n all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived.

TENN. R. APP. P. 3(e).

Although she had opportunity to do so, Ms. Rainey did not file a motion for new trial. Thus, the issue she has presented for our review is "treated as waived." See TENN. R. APP. P. 3(e); see also Fahey, 46 S.W.3d at 141.

## Conclusion

For the foregoing reasons, we dismiss the appeal. The matter is remanded to the trial court for enforcement of the judgment. Costs are taxed to the Appellant, Deborah Gay Rainey, and her surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE