IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 16, 2011 Session

## DOROTHY WATSON v. ROBERT L. PAYNE, JR.

**Direct Appeal from the Circuit Court for Rutherford County**
**No. 58027    Royce Taylor, Judge**

---

**No. M2010-01599-COA-R3-CV - Filed April 1, 2011**

---

The jury in this personal injury action returned a verdict awarding Plaintiff damages in the amount of "zero." The trial court denied Plaintiff's motion for a new trial or, in the alternative, for additur. We vacate the trial court's order denying Plaintiff's motion for a new trial or additur, and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

William Kennerly Burger, Murfreesboro, Tennessee, for the appellant, Dorothy Watson.

James P. Catalano, Nashville, Tennessee, for the appellee, Robert L. Payne, Jr.

### OPINION

This personal injury action arises out of a motor vehicle accident that occurred in November 2007 in Murfreesboro. On November 5, 2007, a pick-up truck in which Plaintiff/Appellant Dorothy Watson (Ms. Watson), then 74 years of age, was a passenger was struck from behind by a pick-up truck operated by Defendant/Appellee Robert L. Payne, Jr. (Mr. Payne) at 5:45 PM on Thompson Lane. On October 28, 2008, Ms. Watson filed a complaint against Mr. Payne in the Circuit Court for Rutherford County.[1] In her complaint, Ms. Watson alleged that the vehicle in which she was a passenger was stopped for traffic

---

[1]Ms. Watson also served a copy of her complaint on her uninsured motor vehicle insurance carrier, State Farm Mutual Insurance Company, which subsequently was dismissed by an order of voluntary non-suit entered by the trial court in March 2009.

when the collision occurred, that Mr. Payne negligently collided with the vehicle from behind, and that she had sustained serious injuries as a result of the collision. Ms. Watson sought damages in an amount to be determined by a jury as compensation for alleged physical injuries, emotional suffering, past and future medical costs, loss of enjoyment of life, and costs. Mr. Payne answered in January 2009, admitting to the rear-end collision but denying Ms. Watson's allegations of negligence. Mr. Payne also denied that Ms. Watson sustained injuries as a result of the collision, and asserted the doctrine of comparative fault. In April 2010, the trial court entered an order allowing Ms. Watson to amend her complaint to state an *ad damnum* in the amount of $650,000. Mr. Payne filed an amended answer specifically denying Ms. Watson's assertion of damages.

The matter was tried before a jury in May 2010. Mr. Payne admitted to fault for the collision, and the trial was limited to the issue of damages. On May 20, 2010, the trial court entered an order on the jury verdict, which awarded Ms. Watson damages in the amount of "zero." Ms. Watson filed a motion to set aside the judgment and for a new trial and/or a motion to alter or amend the damage award. In her motion, Ms. Watson prayed for a new trial or, in the alternative, an additur in an amount equaling "at least Plaintiff's past medical bills which were undisputed and some future medical bills." The trial court denied Ms. Watson's motion by order entered on June 22, 2010. In its June order, the trial court granted Mr. Payne discretionary costs in the amount of $2,218.70. Ms. Watson filed a timely notice of appeal to this Court.

### Issues Presented

Ms. Watson raises the following issue for our review:

> In a motor vehicle injury case in which liability of the Defendant is acknowledged, and the only medical proof before the Court confirms that the Plaintiff experienced some damage, may the trier of fact ignore expert proof on the issue of damages, and award "zero" damages to the Plaintiff?

### Standard of Review

When reviewing an appeal from a jury trial, we will not set aside the jury's findings of fact unless there is no material evidence to support them. *Goodale v. Langenberg*, 243 S.W.3d 575, 583 (Tenn. Ct. App. 2007); Tenn. R. App. P. 13(d). This Court will not re-weigh the evidence, but will take the strongest view possible of the evidence in favor of the prevailing party, discarding evidence to the contrary and allowing all reasonable

inferences to uphold the jury's verdict. *Id.* A jury verdict will be set aside only if there is no material evidence to support it. *Id.*

### *Discussion*

It is well-settled that a plaintiff in a negligence action must prove the essential elements of duty, breach of duty, causation in fact, proximate causation, and damages. *Kilpatrick v. Bryant*, 868 S.W.2d 594, 598 (Tenn. 1993). The existence of a duty is a question of law, but the elements of causation in fact and proximate cause are matters to be resolved by the trier of fact. *Hale v. Ostrow*, 166 S.W.3d 713, 716-19 (Tenn. 2005). Likewise, the determination of damages in a personal injury case is within the province of the finder of fact. *Grandstaff v. Hawks*, 36 S.W.3d 482, 499 (Tenn. Ct. App. 2000). As noted above, we will not set aside a jury's verdict unless there is no material evidence in the record to support it.

Mr. Payne's duty and breach thereof are not disputed in this case. Rather, the issue in this lawsuit is whether Ms. Watson suffered a compensable injury as a result of Mr. Payne's breach. The jury determined Ms. Watson was entitled to no damages. On appeal, Ms. Watson asserts there is no material evidence to support the jury's award of "zero" damages where the unrefuted expert medical testimony in this matter was that she suffered "some" injury and that "some" medical evaluation and treatment was necessary as a result of the collision. Ms. Watson argues that, because both of the medical experts who testified in this matter acknowledged the existence of "some" injury, the matter should be remanded for a new trial. Ms. Watson submits that the jury award of "zero" damages is not supported where the expert testimony offered by both parties is that Ms. Watson suffered some injury requiring medical evaluation and treatment. Ms. Watson's argument, as we restate it, is that the jury's award of damages in the amount of "zero" is not supported by material evidence where damages for evaluation and some treatment for pain following the accident were unrefuted.

The record transmitted to this Court contains the depositions of Dr. Hemal Mehta (Dr. Mehta), Ms. Watson's physician, and Dr. Gray Clark Stahlman (Dr. Stahlman), who testified on behalf of Mr. Payne. Dr. Mehta testified that he began treating Ms. Watson for a chronic lower back condition in 2006; that he had not treated her for any head injury or neck or shoulder complaints prior to the accident; that he "believed" Ms. Watson suffered cervical neck strain or a "whiplash type injury" which caused chronic headaches after the collision; and that the accident aggravated her pre-existing lower back condition. He testified that the treatments Ms. Watson received following the accident were necessary, and that "it was necessary to perform the MRI's that were done and CT scans, to ensure she did not have any kind of a bleed or intracranial hemorrhage, and to make sure she did not have any kind of

-3-

fractures in her neck." Dr. Mehta testified that the collision necessitated the medical tests and subsequent treatments received by Ms. Watson.

Dr. Stahlman, an orthopedic surgeon, testified that Ms. Watson had never been his patient, but that he had reviewed her medical records. Dr. Stahlman testified that Ms. Watson suffered degenerative conditions which might be expected in a woman of 74 years of age, but that the MRI obtained to evaluate her for a head injury subsequent to the collision was reasonable and necessary. He testified to having reviewed an intake note from Vanderbilt Medical Clinic, where Ms. Watson was initially evaluated following the collision; that, based on Ms. Watson's medical records, he assumed she had a lower back problem prior to the accident; and that most of the medical expenses submitted by Ms. Watson "seem[ed] to be coming from Vanderbilt with regard to her general medical care." Although Dr. Stahlman did not dispute the necessity of evaluating Ms. Watson for injuries following the accident, Dr. Stahlman testified that Ms. Watson's medical records "suggest[ed]" that her pain was caused by degenerative conditions and arthritis. The record also contains a report from Vanderbilt Medical Center indicating that a CT scan of Ms. Watson's head was performed on November 6, 2007, and correspondence from Dr. Mehta stating that the "sudden motion" caused by the collision "resulted in a combination of whiplash associated disorder, mild traumatic brain injury, and lumbar strain."

The issues before the jury in this case was whether Ms. Watson sustained injuries that were proximately caused by the November 5, 2007, collision, and the amount of damages to which she was entitled. Generally, a plaintiff in a negligence action is entitled to recover reasonable expenses for medical examinations to determine if the plaintiff sustained injuries, even where it is determined that the plaintiff sustained no injury. *Newsom v. Markus*, 588 S.W.2d 883, 887 (Tenn. App. 1979). Recovery may be denied, however, for expenses that the jury determines were unreasonable or unnecessary. *Brown v. Chesor*, 6 S.W.3d 479, 484 (Tenn. App. 1999).

Upon review, we note that this case is distinguishable from *Brown v. Chesor* where the parties in *Brown* stipulated to damages in excess of $3,000 as "reasonable and necessary to treat the injuries related to the automobile accident." *Brown*, 6 S.W.3d at 481. In *Brown*, the issues before this Court concerned the jury's allocation of fault to the plaintiffs; the jury's award of no damages for pain and suffering; and the jury's determination that medical expenses for the services of a chiropractor, which were incurred eleven months after the automobile accident in that case, were not reasonable or necessary. In the case now before us, however, the parties did not stipulate to an award of damages that would compensate Ms. Watson for expenses incurred to evaluate her for injuries following the accident.

The record in this matter contains material evidence to support the jury's finding that Ms. Watson sustained no personal injuries that were proximately caused by the November 2007 collision. Ms. Watson asserts, however, that the jury's award of "zero" dollars is not supported by material evidence because it fails to compensate her for "some" injury and for expenses incurred to evaluate her for injury following the accident. She asserts that the trial court therefore erred by denying her motion for a new trial.

We note that, in her motion for a new trial, Ms. Watson moved, in the alternative, for an additur. Although the determination of damages in a personal injury case is within the province of the jury, trial courts may suggest adjustments to the jury's award of damages when they believe them to be inadequate (suggesting additur) or excessive (suggesting remittitur). *Coffey v. Fayette Tabular Prods.*, 929 S.W.2d 326, 331 (Tenn. 1996). Where the trial court has granted a motion for remittitur, appellate courts review the court's decision under the standard of review set forth in Tennessee Rule of Procedure 13(d), presuming the court's finding to be correct unless the evidence preponderates otherwise. *Id.* Appellate courts may suggest a remittitur where the trial court has not. *Id.* However, "the appellate courts have no express statutory authority to initiate an additur." *Poole v. Kroger Co.*, 604 S.W.2d 52, 54 (Tenn. 1980). Accordingly, this Court's review is limited to whether the record contains material evidence to support an award of $0 "as being at or above the lower limit of the range of reasonableness." *Id.* If we determine that the damage award does not meet this threshold minimum, we must remand the matter to the trial court.

We find that the jury's award of $0 was not within the range of reasonableness in this case. The evidence in the record, including the expert proof offered by Mr. Payne, supports an award of damages to Ms. Watson in an amount minimally equal to medical expenses incurred to evaluate her for injuries following the collision. Unlike the plaintiffs in *Brown*, Ms. Watson has not been compensated for expenses arising from post-accident evaluation, and the medical experts appearing on behalf of both parties agreed that such expenses were both reasonable and necessary. There is no evidence in the record to refute the experts' testimony. Thus, there is no material evidence to support the jury's award of damages in the amount of $0 because it fails to compensate Ms. Watson for expenses which are unrefuted by the proof.

We accordingly agree with Ms. Watson that the trial court erred by denying her motion for a new trial or, in the alternative, for additur. As noted above, it is not within the authority of this Court to award Ms. Watson an additur in the amount of expenses incurred for medical evaluation following the accident. This determination is within the province of the trial court.

***Holding***

In light of the foregoing, we vacate the trial court's order denying Ms. Watson's motion for a new trial or, in the alternative, for an additur.  This matter is remanded for further consideration.  Costs of this appeal are taxed to the Appellee, Robert L. Payne, Jr.


_____
DAVID R. FARMER, JUDGE