**FILED**
**Nov 17, 2025**
**02:44 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **JAIRO NOE MORALES VILLAREAL,** | ) | **Docket No.: 2025-60-2740** |
| Petitioner, | ) | |
| **v.** | ) | **State File No.: 860121-2025** |
| | ) | |
| **HECTOR CERDA,** | ) | **Judge Robert Durham** |
| Respondent. | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

This Court held an Expedited Hearing on November 5, 2025. Mr. Morales requested benefits after falling from a ladder and fracturing several vertebrae in his thoracic spine.[1] For the reasons below, the Court holds that Mr. Morales did not establish he is likely to prove that Mr. Cerda was his employer at the time of his injury.

### History of Claim

On July 2, 2024, Mr. Morales fell more than 25 feet from a ladder while painting a house. The accident resulted in several vertebrae fractures, a fractured sternum, and 12 days in the hospital. Mr. Morales testified that he did not return to work after the injury and he remains disabled. He is seeking temporary disability benefits and continued medical treatment in Mexico, where he had to move to receive assistance from his family.

Mr. Morales testified that when he was released from the hospital, Mr. Cerda brought him home, fed him, and gave him $300 a week for two months, but that is the extent of benefits received for his injury. He also testified that he requires physical therapy in Mexico but cannot afford it.

---

[1] Mr. Morales requested that the hearing be held by telephone. The Court granted the motion and in the order informed Mr. Cerda that he could appear by telephone as well. Mr. Cerda responded in an email saying that he was out of the country, and although he knew Mr. Morales, Mr. Morales had never worked for him. He did not appear for the hearing.

Regarding his employment status, Mr. Morales named Mr. Cerda as his employer in his petition for benefit determination and testified at the hearing that he worked for Mr. Cerda as a painter. He said Mr. Cerda identified himself as the owner of the business, hired him, gave him instructions, and provided materials. He asserted that he worked 35 to 40 hours per week, and Mr. Cerda paid him in cash at a rate of $22 to $24 an hour.

However, in his Rule 72 statement, Mr. Morales said that he worked for Handyman Home Improvement, LLC. In addition to his testimony, Mr. Morales provided the Uninsured Employer's Fund investigative report. According to the report, the employer's name was "Handyman Home Improvement, LLC." The investigator checked this name in the NCCI database and discovered it did not have insurance coverage for July 2, 2024. She then called the listed owner, Angelica Espinoza, who confirmed the company did not have insurance on the date of injury. Mr. Morales testified that Ms. Espinoza is Mr. Cerda's wife and he operated everything under her name.

Finally, Mr. Morales testified that while he did not file a petition with the Bureau until April 28, 2025, he had reached out to the Bureau for assistance in November 2024. He said the Bureau sent him paperwork, but he did not fill it out at the time because he had no one to help him.

## Findings of Fact and Conclusions of Law

Mr. Morales must prove a likelihood of prevailing at a hearing on the merits that he is entitled to benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2024).

The threshold issue is whether Mr. Morales is likely to prove that Mr. Cerda was his employer. The Appeals Board has held that the petition is the "general equivalent of a complaint as contemplated in the Tennessee Rules of Civil Procedure." *Vickers v. Amazon,* 2019 TN Wrk. Comp. App. Bd. LEXIS 52, at *7 (Aug. 20, 2019). Thus, Mr. Cerda is the party against whom Mr. Morales requested benefits when he filed his petition.

However, in reviewing the record and considering Mr. Morales's testimony, it appears that Mr. Morales's employer was not Mr. Cerda but Handyman Home Improvement, LLC. Mr. Morales identified Handyman as his employer in the Rule 72 statement he attached to his petition. In addition, the Uninsured Employers Fund investigative report also identified Handyman as the employer and the entity without workers' compensation insurance. Further Ms. Espinoza, not Mr. Cerda, was listed as the owner.

Finally, Mr. Morales testified at the hearing that Ms. Espinoza was Mr. Morales's wife, and while he ran everything through her name, he ran the business. The Court has no reason to doubt Mr. Morales's assertion; however, it does not prove that Mr. Cerda employed Mr. Morales. A limited liability company exists "separate and apart" from its

2

members, and a member cannot be held individually liable for the obligations of the LLC. *Johnson v. Tanner-Peck, LLC*, 2011 Tenn. App. LEXIS 169, at *45 (Tenn. Ct. App. 2011).

Therefore, the Court must deny Mr. Morales's claim against Mr. Cerda, since he is not likely to prove that Mr. Cerda was his employer at the time of his accident.

IT IS ORDERED:

1. Mr. Morales's request for benefits is denied at this time.

2. This case is set for a Scheduling Hearing on **December 15, 2025, at 11:00 a.m. Central Time**. The parties must call 615-253-0010. Failure to appear might result in a determination of the issues without the party's participation.

3. Mr. Morales is encouraged to contact an Ombudsman at 800-332-2667 to request a Certificate of Nonrepresentation so he may receive limited legal advice from an attorney advisor.

**ENTERED November 17, 2025.**

_____
**ROBERT DURHAM, JUDGE**
**Court of Workers' Compensation Claims**

Exhibits:
1. Mr. Morales's Rule 72 Statement
2. Uninsured Employer's Fund Investigative Report
3. Petition for Benefit Determination

**CERTIFICATE OF SERVICE**

I certify that a copy of the Order was sent as indicated on November 17, 2025.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| Jairo Noe Morales Villareal, Employee | | X | villarreal199@icloud.com |
| Hector Cerda, Employer | X | X | 1402 Hunters Branch Road Nashville, TN 37013 hectorcerda23@gmail.com |

_____

**PENNY SHRUM, Court Clerk**
WC.CourtClerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
[www.tn.gov/workforce/injuries-at-work/](www.tn.gov/workforce/injuries-at-work/)
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____ ☐ Motion Order filed on _____

☐ Compensation Order filed on_____ ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*